*Fin. Servs., Inc.,* —— U.S. ——, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009); *see also Leibowitz,* 584 F.3d at 498 n. 2.

■■ Viewing the record as a whole, we conclude that plaintiff has not satisfied this standard. First, the statistical evidence cited by plaintiff is not probative of but-for causation with respect to the adverse employment action at issue. *Cf. Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 616 (7th Cir.2000) ("[S]tatistics can only show a relationship between an employer's decisions and the affected employees' traits; they do not show causation."). Second, the two remarks by defendant's employees that are cited by plaintiff—neither of which were directed at him—reflect little, if any, age-based discriminatory animus. Indeed, plaintiff conceded in the proceedings below that these remarks were insufficient to establish even a *prima facie* case of age discrimination, which is a burden that we have described as *"de minimis,"* *Abdu–Brisson v. Delta Air Lines, Inc.,* 239 F.3d 456, 467 (2d Cir.2001).

■ Finally, we find unpersuasive plaintiff's emphasis on defendant's explanation for its decision not to terminate a younger employee who had assumed some of plaintiff's job responsibilities in April 2006. Assuming, *arguendo,* that plaintiff's supervisor recommended that plaintiff be terminated in late 2005, and that the same supervisor reassigned some of plaintiff's job responsibilities to a younger employee in April 2006, there nevertheless remains a paucity of evidence that either of those decisions was motivated by plaintiff's age rather than the business reasons articulated by defendant.

Simply put, a factfinder could not rationally conclude from the sum of the evidence in the record that discrimination based on plaintiff's age was the "but-for" cause of his termination. We have reviewed plaintiff's remaining arguments and find them to be without merit. Accordingly, the February 13, 2009, 2009 WL 378586, order of the district court is hereby **AFFIRMED.**

**Kintoro PRANATA, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 09–0897–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2009.

H. Raymond Fasano, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Achiezer Guggenheim, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Kintoro Pranata, a native and citizen of Indonesia, seeks review of the February 5, 2009 order of the BIA denying his motion to reopen. *In re Kintoro Pranata,* No. A 096 266 278 (B.I.A. Feb. 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). We find that the BIA did not abuse its discretion in denying Pranata's

motion to reopen as untimely. As the BIA noted, it had issued a final order of removal in May 2005, but Pranata did not file his motion until September 2008, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, however, the BIA properly found that Pranata's motion did not qualify for such an exception, and that he did not otherwise demonstrate his prima facie eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

■ Pranata argues that our decision in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir. 2007), requires the BIA to articulate precise legal standards for analyzing whether a petitioner has established a pattern or practice of persecution in his or her home country. As a preliminary matter, Pranata's reliance on *Mufied* does not excuse his late filing, as the regulations do not provide that an untimely motion to reopen may be excused on these grounds. 8 C.F.R. § 1003.2(c)(3)(ii), Furthermore, in *Mufied,* we remanded because neither the Immigration Judge ("IJ") nor the BIA considered Mufied's pattern or practice claim. *Mufied,* 508 F.3d at 91. Here, on the other hand, the BIA directly addressed the claim, finding that Pranata failed to establish materially changed country conditions "with respect to this issue of a pattern or practice of persecution of Christians of Chinese ethnicity or any other ethnicity in Indonesia." Accordingly, remand under *Mufied* is not required here.

■ Pranata also argues that the BIA did not adequately consider his evidence of materially changed country conditions in Indonesia. Contrary to Pranata's argument, the BIA considered the evidence, including 53 documents, 8 exhibits, an affidavit, and a State Department Report, before rejecting Pranata's claim. The BIA noted that "the government of Indonesia generally respects freedom of religion," citing the 2007 State Department International Religious Freedom Report for Indonesia. The BIA also found that the remaining evidence Pranata submitted did not reflect a meaningful change in country conditions. Pranata is essentially requesting that the BIA analyze and discuss in its decision each piece of evidence he submitted. However, the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *see Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008), as long as it "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). Because we cannot find that the BIA's decision "provide[d] no rational explanation, inexplicably depart[ed] from established policies, is devoid of any reasoning, or contains only summary or conclusory statements," the BIA did not abuse its discretion in denying Pranata's motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).